UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GOLDMAN & BESLOW LLC**
Attorneys at Law
7 Glenwood Avenue
Suite 311b
East Orange, New Jersey 07017
(973) 677 9000

David G. Beslow, Esq. DGB 5300
Attorney for Debtor, Clara Anne Williams

---

In Re:

CLARA ANNE WILLIAMS

Case No.: _____26 12392_____

Judge: _____SLM_____

Chapter: 13

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1.      ☒  Motion for Relief from the Automatic Stay filed by <u>United Wholesale Mortgage LLC</u> , creditor,

A hearing has been scheduled for _____July 22, 2026_____ , at _10:00 am_ .

☐  Motion to Dismiss filed by the Chapter 13 Trustee.

A hearing has been scheduled for _____ , at _____ .

☐  Certification of Default filed by _____ ,

I am requesting a hearing be scheduled on this matter.

2.      I oppose the above matter for the following reasons **(choose one)**:

☐  Payments have been made in the amount of $ _____ , but have not been accounted for.  Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes

repayment as follows **(explain your answer)**:

☒ Other **(explain your answer)**:
I signed a listing agreement for $689,900.00. Creditor filed a proof of claim for
$310,251.95. No other creditors filed a claim in this case. There is substantial
equity in my property and Creditor is adequately protected while I sell my
property. I respectfully request that I be allowed to maintain ongoing payments in
July until my property is sold and the creditors is paid in full.

3.      This certification is being made in an effort to resolve the issues raised in the certification

of default or motion.

4.      I certify under penalty of perjury that the above is true.

Date: July 7, 2026                                              /s/ Clara Anne Williams
                                                                Debtor's Signature

Date: 7/7/2026                                                  _____
                                                                Debtor's Signature

**NOTES:**

1.      Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter
        13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in
        opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to
        Dismiss.

2.      Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13
        Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of
        Default.

*rev.8/1/15*



# BROKERAGE SERVICES AGREEMENT
## (SALE/RENTAL LISTING AGREEMENT)

*This Listing Agreement ("Listing Agreement" or "Agreement") is intended for use by participants of Garden State Multiple Listing Service, L.L.C. (also referred to in this Agreement as the "Service" and "GSMLS") with respect to properties being listed for sale or rental with the Service.*

**1. PARTIES:**

| | |
|---|---|
| **Principal(s)** (also collectively referred to in this Agreement as "Owner", "Seller/Landlord" or "you"): | **Brokerage Firm** (also referred to in this Agreement as "Listing Broker"): |

Owner's Name(s): _____ **CLARA WILLIAMS** _____   Brokerage Firm Name: _____ **ERA REED REALTY, INC.** _____

Owner's Address: _____ **1385 BELLEVIEW AVENUE** _____   Brokerage Firm Address: _____ **11 SOMERST PLACE** _____

_____ **PLAINFIELD,   NJ.   07060** _____   **N. PLAINFIELD, NJ.   07060**

Owner's Tele. No.: _____ **((862) 205-1282** _____   Brokerage Firm Tele. No.: _____ **(908) 769-0011** _____

Owner's Email Address: _____   Brokerage Firm Fax No.: _____ **(908) 753-7877** _____

**2. PROPERTY:** _____ **1385 BELLEVIEW AVENUE** _____   **3. LISTING PRICE: SALE: $ ___ 689,900. ___**

_____ **PLAINFIELD,   NJ.   07060** _____   RENTAL: $ _____ **N/A** _____

**4. TERM OF AGREEMENT: From "Commencement Date"** _**July 03, 2026**_ **to "Expiration Date"** _**June 30, 2027**_

**5. AGENCY DISCLOSURE:**

A. **ACKNOWLEDGMENT OF RECEIPT OF THE CONSUMER INFORMATION STATEMENT ON NEW JERSEY REAL ESTATE RELATIONSHIPS.** Owner acknowledges receipt of a copy of the Consumer Information Statement on New Jersey Real Estate Relationships.

B. **AGENCY RELATIONSHIP.**

Listing Broker intends, as of this time, to work with you as a: (Check only one line)

_____ Seller's/Landlord's Agent only (SA)      _____ Transaction Broker (TB)

__X__ Seller's/Landlord's Agent and Disclosed Dual Agent if the opportunity arises (DD) *(You acknowledge that a disclosed dual agent shall not advocate terms favorable to one principal to the detriment of the other principal.)*

_____ Seller's/Landlord's Agent and Designated Agency if the opportunity arises (DA) *(You acknowledge that if a Designated Agency is established Brokerage Firm itself will act as a Disclosed Dual Agent.)*

and Owner hereby appoints Listing Broker to represent Owner in this capacity.

This agency relationship is (check only one): exclusive __X__ or nonexclusive _____ .

*NOTE: A listing broker must have the exclusive right to list a property in order to submit a listing for that property to the Service. If the agency relationship is nonexclusive, a different Listing Agreement should be used.*

**6. GRANT OF EXCLUSIVE RIGHT TO SELL, LEASE, EXCHANGE OR OTHERWISE TRANSFER AND TO MULTIPLE LIST PROPERTY.** In consideration of the Listing Broker listing and endeavoring to find Buyers/Tenants for the Property at the Listing Price, OWNER (or their legally authorized representative) grants the Listing Broker the exclusive right to sell, lease, exchange or otherwise transfer the Property, at the Listing Price and on the terms as stated in this Agreement, or upon such other price and/or terms as may be acceptable to the Owner. The Listing Broker is directed by the Owner to list the Property with the Service and to distribute this listing to Service participants.

**7. PROPERTY CONDITION DISCLOSURE STATEMENT.** Owner acknowledges receipt of a copy of the Property Condition Disclosure Statement. Owner agrees to provide the Listing Broker with a completed (all information filled in) and signed copy of the Property Condition Disclosure Statement.

**8. SIGN AUTHORIZATION.** The Owner authorizes the Listing Broker to place a real estate sign on the Property. The Owner agrees not to place Owner's or any other "For Sale/For Lease" sign on the Property during the term of this Agreement.

**9. KEYBOX.** Owner (check only one) __X__ does / _____ does not authorize the Listing Broker to place a GSMLS Keybox on the Property to aid in the showing of the Property.

Initials _____ _____ _____ _____ _____      GSMLS Listing Agreement   Page 1 of 3

ver Aug 2024

**10. COMPENSATION:**

**COMMISSION OR FEE DISCLOSURE. AS SELLER YOU HAVE THE RIGHT TO INDIVIDUALLY REACH AN AGREEMENT ON ANY FEE, COMMISSION, OR OTHER VALUABLE CONSIDERATION WITH ANY BROKER. NO FEE, COMMISSION OR OTHER CONSIDERATION HAS BEEN FIXED BY ANY GOVERNMENTAL AUTHORITY OR BY ANY TRADE ASSOCIATION OR MULTIPLE LISTING SERVICE. BROKER COMPENSATION IS FULLY NEGOTIABLE AND NOT SET BY LAW.**

Nothing herein is intended to prohibit an individual Broker from independently establishing a policy regarding the amount of fee, commission or other valuable consideration to be charged in transactions by the Broker.

**A. COMPENSATION (COMMISSION) AMOUNT:** You agree to compensate the Listing Broker as follows:

| SALE COMMISSION: | RENTAL COMMISSION: |
|---|---|
| Percentage of Sale Price (Specify): ___4%___ | Percentage of Rental Price (Specify): ___N/A___ |
| Flat Fee (Specify): _____ | Flat Fee (Specify): _____ |
| Other Method (Specify): _____ | Other Method (Specify): _____ |

*If this Listing Agreement is for the sale of the Property only, Owner agrees not to list the Property for rental with any other Broker during the term of this Listing Agreement. If this Listing Agreement is for the rental of the Property only, Owner agrees not to list the property for sale with any other Broker during the term of this Listing Agreement.*

**B. PAYMENT OF COMPENSATION (COMMISSION).** The Owner agrees to pay the Listing Broker (or as the Listing Broker may direct) the Commission if the Property is sold, leased, exchanged or otherwise transferred by/through the Listing Broker, or through any other source (including the direct sale/lease by the Owner) before the Expiration Date.

The Commission shall be earned when a ready, willing and able Buyer/Tenant is produced and shall be paid at the time of the transfer of the Property or signing of the lease. The Owner agrees and acknowledges that the dollar amount of the Commission shall be a lien (a legal claim) on the purchase money proceeds derived from the sale of the Property. The Owner, by executing this Agreement, authorizes and directs the party disbursing the closing proceeds to pay to the Broker(s) the full Commission as set forth above out of the proceeds of the sale, prior to the payment of any funds to the Owner or other lienholders. In the event the Property is sold to the Tenant during the term of its Tenancy, the Sale Commission shall be paid by the Owner to the Listing Broker if sold to the Tenant by (specify) ___N/A___.

Owner consents to the Listing Broker receiving compensation from more than one party to a transaction.

In the event the Commission due the Listing Broker from the Owner is not paid per the terms of this Agreement, the Owner agrees to pay all expenses, including reasonable attorney's fees incurred by the Listing Broker, relating to the collection of the Commission.

**C. REFERRING INTERESTED BUYERS TO LISTING BROKER/NEGOTIATIONS THROUGH LISTING BROKER.** The Owner shall refer to the Listing Broker every prospective Buyer/Tenant who contacts the Owner during the term of this Agreement. The Owner directs that all negotiations for the purchase or lease of the Property shall be conducted through the Listing Broker.

**D. BROKER PROTECTION.** Owner agrees to pay the Listing Broker the Commission if the Owner, acting on the Owner's own behalf, within (specify) ___30___ days after the Expiration Date conveys or agrees to convey the Property to any Buyer shown the Property by the Listing Broker or any person during the term of this Listing Agreement. This clause shall not apply if the property has been listed by the Owner with another broker by written agreement.

**11. SHARING OF COMPENSATION (COMMISSION SPLITS).** ·

*NOTE: INFORMATION RELATING TO THE SHARING OF COMPENSATION/COMMISSION SPLITS IS NOT SUBMITTED TO THE SERVICE. IF THE SHARING OF COMPENSATION IS CONSENTED TO BY THE OWNER, INFORMATION RELATING TO THE SHARING OF COMPENSATION/COMMISSION SPLITS WILL BE COMMUNICATED TO COOPERATING BROKERS BY THE LISTING BROKER THROUGH OTHER MEANS.*

COMMISSION SPLITS

LISTING BROKERS USUALLY COOPERATE WITH OTHER BROKERAGE FIRMS BY SHARING INFORMATION ABOUT THEIR LISTINGS AND OFFERING TO PAY PART OF THEIR COMMISSION TO THE FIRM THAT PRODUCES A BUYER. THIS IS GENERALLY REFERRED TO AS THE "COMMISSION SPLIT".

SOME LISTING BROKERS OFFER TO PAY COMMISSION SPLITS OF A PORTION OF THE GROSS COMMISSION, USUALLY EXPRESSED AS A PERCENTAGE OF THE SELLING PRICE, LESS A SIGNIFICANT DOLLAR AMOUNT. OTHER LISTING BROKERS OFFER A PORTION OF THE GROSS COMMISSION LESS ONLY A MINIMAL LISTING FEE OR LESS ZERO.

THE AMOUNT OF COMMISSION SPLIT YOUR BROKER OFFERS CAN AFFECT THE EXTENT TO WHICH YOUR PROPERTY IS EXPOSED TO PROSPECTIVE BUYERS WORKING WITH LICENSEES FROM OTHER BROKERAGE FIRMS.

Docusign Envelope ID: 0714EA53-1C6C-673B-81E4-A2F574C19D7D

ON THIS LISTING, THE BROKER IS OFFERING A COMMISSION SPLIT OF (i) __1.5%__ MINUS __$100__ OR (ii) AS SET FORTH BELOW TO POTENTIAL COOPERATING BROKERS.

IF YOU FEEL THAT THIS MAY RESULT IN YOUR PROPERTY RECEIVING LESS THAN MAXIMUM EXPOSURE TO BUYERS, YOU SHOULD DISCUSS THOSE CONCERNS WITH THE LISTING SALESPERSON OR HIS/HER SUPERVISING BROKER.

BY SIGNING THIS LISTING AGREEMENT THE OWNER(S) ACKNOWLEDGE HAVING READ THIS STATEMENT ON COMMISSION SPLITS.

A. CONSENT TO SHARING COMPENSATION (COMMISSION SPLIT).
OWNER (select only one) __X__ does / _____ does not consent to the sharing of compensation between brokerage firms (the offering of a commission split to cooperating brokers).

B. OFFER OF COMPENSATION (COMMISSION SPLIT).
**ONLY IF** OWNER has consented to the sharing of compensation between brokerage firms, Owner authorizes the Listing Broker to offer compensation as follows: (Check and Complete Appropriate Line(s))

| SALE TRANSACTIONS: | | | | RENTAL TRANSACTIONS: | | | |
|---|---|---|---|---|---|---|---|
| To: Subagents: Yes/Offer: | _____ | No: | X | To: Subagents: Yes/Offer: | _____ | No: | X |
| To: Buyer Brokers: Yes/Offer: | 1.5%-$100 | No: | ____ | To: Tenant Brokers: Yes/Offer: | _____ | No: | X |
| To: Transaction Brokers: Yes/Offer: | 1.5%-$100 | No: | ____ | To: Transaction Brokers: Yes/Offer: | _____ | No: | X |

**12. OWNER(S) LIABILITY.** The OWNER(S) hold harmless and indemnify the Listing and Cooperating Brokers against loss or damage resulting directly from any condition of the Property not disclosed to the Listing Broker or from the Owner's use of/or acts in the showing and inspection of the Property.

**13. OWNERSHIP; LIENS AND MORTGAGES.** The Owner(s) represent that they are the sole owner(s) of the Property, the Owner(s) have the legal right to sell or lease the Property, and that to the best of their knowledge they have Marketable Title to the Property. The Owner(s) further represent that after a sale at the Listing Price there will be sufficient proceeds to discharge all liens and encumbrances and to pay the Commission stated in this Agreement.

**14. NO ENVIRONMENTAL HAZARDS.** The Owner(s) are not aware of any environmental hazards relating to the Property, or proceedings regarding such hazards which are now pending or threatened with regard to the Property.

**15. NOT CURRENTLY LISTED.** The Owner represents that the Property is not currently listed with any other Broker.

**16. ACCURACY OF INFORMATION.** The information contained in this Agreement and on the attached Listing Input Sheets has been furnished by the Owner who states it is correct to the best of Owner's knowledge and belief, and the compilation by the Broker for the Service is not to be deemed a representation as to the accuracy of the information provided.

**17. ACKNOWLEDGMENT OF RECEIPT OF FULLY SIGNED AGREEMENT/LISTING INPUT SHEETS.** The Owner acknowledges that this Agreement has been read by the Owner and that Owner understands its contents. Owner has received a copy of this Agreement and the attached Listing Input Sheets, which are incorporated herein and made part of this Agreement. Owner acknowledges having read and approved the attached Listing Input Sheet(s) and represents that they are accurate.

**18. ACKNOWLEDGMENT OF RECEIPT OF THE NEW JERSEY ATTORNEY GENERAL'S SUMMARY OF THE NEW JERSEY LAW AGAINST DISCRIMINATION AND AGREEMENT TO ABIDE BY THE LAW.** The Owner acknowledges receipt of the New Jersey Attorney General's Summary of the New Jersey Law Against Discrimination, and further acknowledges that Owner has reviewed this Summary and agrees to abide by the terms and conditions of the Law Against Discrimination.

SIGNATURES:

Principals (Owner(s)):

Owner: _[signature]_ Date: 7/2/26

Owner: _____ Date: _____

Owner: _____ Date: _____

Owner: _____ Date: _____

Brokerage Firm (Must Be Accepted By Authorized Representative Of Brokerage Firm):

Listing Agent: _Henry E. Dixon, Jr._ Date: 7/2/2026

(Print Name): HENRY E. DIXON, JR.   GSMLS ID#: __242284__

Accepted by: _Jessie Lizardo_ Date: 7/6/2026
(Authorized Representative of Brokerage Firm)

(Print Name): JESSIE LIZARDO   GSMLS ID#: _____

*THIS FORM OF AGREEMENT HAS BEEN APPROVED SOLELY FOR THE EXCLUSIVE USE OF BROKERS WHO PARTICIPATE IN GSMLS. ANY USE OF THIS AGREEMENT BY ANY PERSON NOT AUTHORIZED OR PERMITTED TO UTILIZE THE SERVICE IS EXPRESSLY PROHIBITED. THIS AGREEMENT MAY ONLY BE REPRODUCED WITH THE WRITTEN CONSENT OF THE SERVICE.*